21590

The STATE, Respondent, v. Kenneth Edward WARREN, Appellant.
(284 S. E. (2d) 355)

*Asst. Appellate Defender David W. Carpenter,* Columbia, *of S. C. Com'n of Appellate Defense, for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Lindy P. Funkhouser* and *Preston F. McDaniel* and *Sol. James C. Anders,* Columbia, *for respondent.*

November 9, 1981.

*Per Curiam:*

The appellant was convicted of and sentenced to consecutive terms for housebreaking (six years) and assault with intent to commit criminal sexual conduct (eight years).

At trial, a witness for the State testified he had seen a man run from the victim's house but had not been able to identify him. The State received permission to impeach the witness and presented his prior inconsistent statement identifying the appellant as the person he had seen fleeing.

Through witnesses and by his own testimony the appellant presented an alibi defense.

The jury retired but interrupted its deliberations to ask the judge about the evidentiary effect of the prior inconsistent statement. The judge refused, even after a request by defense counsel, to instruct the jury that the statement was not substantive evidence in the trial.

When a prior inconsistent statement is introduced to impeach a witness, the court, upon request, must instruct the jury that it can consider such evidence for the purpose of impeachment only, not as substantive evidence of the facts. *State v. Bottoms,* 260 S. C. 187, 195 S. E. (2d) 116 (1973). The judge therefore committed error by refusing to give the jury proper instructions on the use of the prior inconsistent statement.

In this trial, in which the identity of the assailant was a critical issue, the judge's action constituted reversible error. We therefore reverse and remand the case for a new trial.